IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BETTY J. ARMSTRONG,                    :
                                       :
     Plaintiff,                        :
                                       :
vs.                                    :     CIVIL ACTION 04-0508-P-M
                                       :
JO ANNE B. BARNHART,                   :
Commissioner of                        :
Social Security,                       :
                                       :
     Defendant.                        :

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Plaintiff's Motion for
Attorney Fees and Expenses Under the Equal Access to Justice
Act (Doc. 10) and Defendant's Notice of No Objection to
Plaintiff's Application for Attorney Fees Pursuant to the
Equal Access to Justice Act (Doc. 13).  After consideration of
the pertinent pleadings, it is recommended, without objection,
that the Motion be granted and that Plaintiff's attorney be
awarded an EAJA attorney's fee and expenses in the amount of
$1,264.69[1].

Plaintiff filed this action on August 5, 2004 (Doc. 1).
On January 26, 2005, Defendant filed a Motion and Memorandum

---

[1] As pointed out in Defendant's Notice of No Objection ...
(Doc. 13), the Affidavit of Time and Expenses Expended
(attachment to Doc. 10) did not total the 8.75 hours requested
by Plaintiff's counsel.  Plaintiff's counsel's office faxed to
the Court a corrected copy of the Affidavit.  The Clerk is
**DIRECTED** to substitute the corrected Affidavit for that
attached to Plaintiff's Motion.

for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. §
405(g) With Remand of the Cause to Defendant (Doc. 6).  By
Report and Recommendation entered January 27, 2005 (Doc. 7),
the undersigned Judge recommended that Defendant's Motion be
granted and, by Order and Judgment entered February 22, 2005,
Judge Pittman entered judgment reversing and remanding this
action to the Commissioner for further proceedings pursuant to
sentence four of 42 U.S.C. § 405(g) (Docs. 8, 9).  On May 10,
2005, Joseph A. Zarzaur, Jr., counsel for Plaintiff, filed a
Motion for Attorney Fees and Expenses Under the Equal Access
to Justice Act, in which Plaintiff requests a fee and expenses
in the amount of $1,264.69, computed at an hourly rate of
$125.00 for 8.75 hours spent in this Court and expenses in the
amount of $170.94 (Doc. 10).  Defendant in her Notice of No
Objection filed May 26, 2005, stated that she has no objection
to Plaintiff's Motion (Doc. 13).

     The EAJA requires a court to

          award to a prevailing party ... fees and
          other expenses ... incurred by that party
          in any civil action ..., including
          proceedings for judicial review of Agency
          action, brought by or against the United
          States ..., unless the court finds that the
          position of the United States was
          substantially justified or that special
          circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a

2

prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

Defendant concedes that Plaintiff became the prevailing party when the Court remanded this action, Schaefer, 113 S.Ct. at 2631; that the fee application was timely filed; and that her position was not substantially justified (Doc. 13).

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective
> basis on which to make an initial estimate
> of the value of a lawyer's services.  The
> party seeking an award of fees should
> submit evidence supporting the hours worked
> and the rates claimed.  Where the

> documentation of hours is inadequate, the
> district court may reduce the award
> accordingly.  The district court also
> should exclude from this initial fee
> calculation hours that were not "reasonably
> expended" ....  Cases may be overstaffed,
> and the skill and experience of lawyers
> vary widely.  Counsel for the prevailing
> party should make a good-faith effort to
> exclude from a fee request hours that are
> excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is
> no less important here.  Hours that are not
> properly billed to one's client also are
> not properly billed to one's adversary
> pursuant to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must

use professional judgment in billing under EAJA.  A lawyer

should only be compensated for hours spent on activities for

which he would bill a client of means who was seriously intent

on vindicating similar rights.  Norman v. Housing Authority,

836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Motion and

supporting documentation, and after consideration of the

reasonableness of the hours claimed, finds that Plaintiff's

time expended in prosecuting this action for a total of 8.75

hours is reasonable.

With respect to a determination of the hourly rate to

apply in a given EAJA case, the express language of the Act

4

provides in pertinent part as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of
> the services furnished, except that ...
> attorney fees shall not be awarded in
> excess of $125 per hour unless the court
> determines that an increase in the cost of
> living or a special factor, such as the
> limited availability of qualified attorneys
> for the proceedings involved, justifies a
> higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to
> determine the market rate for "similar
> services [provided] by lawyers of
> reasonably comparable skills, experience,
> and reputation."  ...  The second step,
> which is needed only if the market rate is
> greater than $75 per hour, is to determine
> whether the court should adjust the hourly
> fee upward...to take into account an
> increase in the cost of living, or a
> special factor.

<u>Id</u>. at 1033-34 (citations omitted & footnote omitted)[2].  The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.  <u>NAACP v. City of Evergreen</u>, 812 F.2d 1332, 1338 (11th

---

[2] Subsequent to <u>Meyer</u>, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

Cir. 1987).  Satisfactory evidence at a minimum is more than
the affidavit of the attorney performing the work.  Blum v.
Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984).
Where the fees or time claimed seem expanded or there is lack
of documentation or testimony in support, the court may make
an award on its own experience.  Norman v. City of Montgomery,
836 F.2d 1292, 1303 (11th Cir. 1988).  Where documentation is
inadequate, the court is not relieved of its obligation to
award a reasonable fee, but the court traditionally has had
the power to make such an award without the need of further
pleadings or an evidentiary hearing.  Id.

The prevailing market rate in the Southern District of
Alabama is $125.00 per hour.  See Smith v. Massanari, Civil
Action 00-0812-P-M (October 25, 2001); Boone v. Apfel, Civil
Action 99-0965-CB-L (August 30, 2001); Lee v. Massanari, Civil
Action 00-0518-RV-S (June 29, 2001); Willits v. Massanari,
Civil Action 00-0530-RV-C (May 4, 2001); and Square v. Halter,
Civil Action 00-0516-BH-L (April 12, 2001).  Because the
market rate is not greater than the statutory rate of $125.00
per hour, the Court need not reach the second step set out in
the Meyer case.  Multiplying the 8.75 hours by the Southern
District of Alabama inflation-adjusted prevailing market rate
of $125.00 results in a fee of $1,093.75.

Plaintiff also seeks reimbursement of certain litigation expenses, namely, $150.00 for the filing fee, $1.29 for postage fees, $5.70 for copy expenses, and $13.95 for telephone charges for a total of $170.94 (Doc. 10). Defendant does not object to Plaintiff's request for reimbursement of these expenses and the Court finds them to be reasonable. Inasmuch as 28 U.S.C. § 2412 contemplates an award of court costs and other litigation expenses to the prevailing party, it is recommended that Plaintiff be awarded the requested litigation expenses. See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (telephone, postage, air courier, and reasonable travel, photocopying and computerized research expenses are compensable under the EAJA).

In conclusion, it is recommended, without objection, that Plaintiff's Motion be granted as set out above and that Plaintiff's attorney be awarded an EAJA attorney's fee and expenses in the amount of $1,264.69.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir.

1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of June, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE